UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAO T. L.,[1] <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security, <br> Defendant. | Case No. SA CV 17-01479-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Thao T. L. ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On June 6, 2013, Plaintiff filed a Title II application for DIB alleging disability beginning November 1, 2012. (Administrative Record ("AR") 65, 75.)

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Her application was denied initially on January 16, 2014, and upon reconsideration on July 15, 2014. (AR 101, 106.) On September 5, 2014, Plaintiff filed a written request for hearing, and a hearing was held on February 10, 2016 and June 15, 2016.[2] (AR 36, 43, 93.) On June 30, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[3] since November 1, 2012. (AR 30.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on August 28, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2012, the alleged onset date ("AOD"). (AR 25.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; small supraspinatus tear in the right shoulder; mood disorder; and anxiety disorder. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform a range of light work . . . as follows: the claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for a total of four hours, and can sit without limitation, in an eight-hour workday with normal breaks (but requires the ability to change position briefly for one to three minutes each

---

[2] The first hearing was continued when Plaintiff was unable to complete her testimony that day. (*See* AR 42, 45.)

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

> hour); can occasionally climb stairs, bend, balance, stoop, kneel, crouch or crawl; cannot use ladders, ropes or scaffolds; is precluded from work at unprotected heights or around dangerous or fast-moving machinery; and can perform occasional overhead reaching with the bilateral upper extremities. The claimant is additionally limited to the performance of simple routine tasks, or moderately complex tasks, involving no hypervigilance; should not be in charge of safety operations of others; and should have no intense interpersonal interaction such as taking complaints or encounters similar to that experienced by law enforcement or emergency personnel.

(AR 26-27.) At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work in data entry, and thus the ALJ did not continue to step five. (AR 29-30.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of decision. (AR 30.)

### III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir.

2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises the following issues for review: (1) whether the ALJ correctly assessed Plaintiff's ability to sit; (2) whether the ALJ properly considered Plaintiff's testimony; and (3) whether the ALJ properly evaluated the opinion of an examining physician. (*See* Joint Stipulation ("JS") 4.) For the reasons below, the Court agrees with Plaintiff regarding the assessment of her testimony and remands on that ground.

### A. The ALJ Failed to Properly Evaluate Plaintiff's Subjective Testimony

The ALJ began by reciting the relevant and familiar two-step analysis that an ALJ undertakes in assessing a claimant's testimony regarding subjective pain or the intensity of symptoms: (1) the ALJ must determine whether there is an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged; and (2) if so, the ALJ must "evaluate the intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [Plaintiff's] functioning." (AR 27.) *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (in assessing the credibility of a claimant's symptom testimony, "[f]irst, the ALJ must determine whether the

4

claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged"; if so, and if the ALJ does not find evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of the claimant's symptoms").

After reciting this two-step analysis, the ALJ began by stating that Plaintiff "alleges disabling limitations due to her symptoms including difficulties with maneuvering, exertion and mood control." (AR 27.) Next, "[a]fter careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*) This determination is little more than a recitation of the ALJ's duty to consider Plaintiff's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029, at *2 (S.S.A. Mar. 16, 2016) ("In determining whether an individual is disabled, we consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record."); *see also id.* at *9 ("In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'").

The ALJ then proceeded to objectively summarize Plaintiff's medical treatment records. (*See* AR 27-28.) The ALJ also considered and weighed the medical opinion evidence. (*See* AR 29.) Finally, the ALJ considered a Third Party Function Report completed by Plaintiff's husband. (*Id.*) The ALJ gave this report limited weight to the extent that it "essentially reiterates [Plaintiff's] subjective

allegations, which are not fully supported by the medical evidence as articulated herein." (*Id.*) But the ALJ made no specific findings, nor did she connect any evidence to Plaintiff's symptoms or testimony. The ALJ must explain which symptoms are inconsistent with the evidence of record and must explain how her evaluation of the symptoms led to that conclusion. *See* 2016 WL 1119029, at *8; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). The determination must contain specific reasons for the weight given to the individual's symptoms and must clearly articulate how the ALJ evaluated the claimant's symptoms. 2016 WL 1119029, at *9; *see Lester*, 81 F.3d at 834 ("General findings are insufficient.").

Accordingly, the Court concludes that the ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony. Remand is therefore warranted on this issue.

### B. The Court Declines To Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before

ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective testimony. On remand, the ALJ shall reassess Plaintiff's subjective allegations. The ALJ shall then reassess Plaintiff's RFC and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 14, 2018

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**